In re Anthony Joseph ASSIANTE and Linda Diane Assiante, Debtors.

Anthony Joseph ASSIANTE and Linda Diane Assiante, Plaintiffs,

v.

DAVISVILLE CREDIT UNION, Defendant.

Bankruptcy No. 8200531.
Adv. No. 820373.

United States Bankruptcy Court, D. Rhode Island.

April 7, 1983.

**904**

John S. DiBona, Cranston, R.I., for plaintiffs.

Edward S. Torgen, North Kingstown, R.I., for defendant.

## FINDINGS, CONCLUSIONS AND PROPOSED JUDGMENT FOR THE PLAINTIFFS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Submitted on memoranda, on the debtors' complaint to recover funds in the possession of Davisville Credit Union. At issue is whether Davisville Credit Union may set off funds deposited directly into the debtors' checking account against debts owed to it by the Assiantes. 11 U.S.C. § 553(b).[1]

### THE FACTS

The Assiantes maintained a checking account with Davisville Credit Union, into which Anthony Assiante had been depositing his monthly Social Security checks since 1976. Funds from this account were used to make payments on the debtors' mortgages, automobile loan, and Visa account, all owing to Davisville. When Anthony Assiante's Social Security benefits were terminated in August 1981, all of his obligations to Davisville Credit Union went into default, but no collection efforts were initiated because of a request by Assiante's attorney that Davisville hold off until Assiante had his Social Security benefits reinstated.

Eventually, Assiante received a favorable ruling from the Social Security Administration restoring his benefits retroactively, and on June 8, 1982 a check in the amount of $2937.50 for past due benefits was forwarded to Davisville Credit Union for direct deposit into the Assiantes' checking account. On the same day, without the knowledge or authorization of the Assiantes, Davisville set off the entire deposit against arrearages owed by the Assiantes, as follows: second mortgage loan—$1,607.62, motor vehicle loan—$621.26, Visa Account—$525.00, for a total of $2753.88. It is undisputed that Davisville Credit Union's claim against the debtors on or within 90 days before the date of the filing of the petition was approximately $25,000.

The Assiantes filed a Chapter 7 petition on June 17, 1982, and on August 18, 1982 they filed this complaint pursuant to 11 U.S.C. § 553(b), seeking recovery of the funds set off by Davisville Credit Union.

### THE LAW

The debtors argue that they are entitled to recover the full $2753.88 setoff,[2] because the "insufficiency" on the date of setoff was $2753.88 less than the "insufficiency" 90 days before the date of filing. Davisville contends that it had taken no action as to its various security interests when the loans were in default, because of the debtors' anticipated receipt of retroactive Social Security benefits, and that based on principles of equity and fairness, the setoff should be allowed.

11 U.S.C. § 553(b) provides:

---

1. This decision, which cites to provisions of the Bankruptcy Reform Act of 1978, is entered in accordance with the rule adopted by the United States District Court for the District of Rhode Island pursuant to an order of the Circuit Council for the First Circuit, effective December 25, 1982. We follow the lead of the Circuit Council in declining to "pre-commit ourselves on any legal or constitutional questions which may arise concerning this rule." Order of the Circuit Council for the First Circuit (December 22, 1982).

2. Although § 553(b) provides that the trustee may recover an improper setoff, § 522(h) allows recovery also by the debtor.

(b)(1) .... if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

It is undisputed that Davisville offset a mutual debt on June 8, 1982, in the amount of $2753.88, and that the checking account in question was overdrawn 90 days before the filing. Therefore, the insufficiency on June 8, 1982 was $2753.88 less than the insufficiency 90 days before filing.

■ Davisville argues that its position was not really improved by the setoff, because of its forebearance from initiating earlier action with respect to its security. Although 11 U.S.C. § 553(b) is referred to as the "improvement in position test," the language is specific, its application is mathematical, and we do not view it to be susceptible to equitable treatment. The test is whether the "insufficiency on the date of . . . setoff is less than the insufficiency . . . 90 days before the date of the filing of the petition."

■ The Defendant's contention that the Court should allow the setoff on equitable principles is without either legal authority [3] or any factual basis upon which Davisville Credit Union can prevail. Neither

party requested a hearing, and no evidence was offered to factually support an argument based on principles of equity. Accordingly, the Court concludes that Davisville may not set off the debts in question, and the complaint of the debtors to recover the funds set off by Davisville Credit Union nine days prior to the filing of this Chapter 7 case should be granted.[4]

Local Rule 53 of the United States District Court for the District of Rhode Island (the emergency interim rule) is not clear as to whether a debtor's complaint to recover a setoff is a related proceeding. In an abundance of caution, therefore, these findings, conclusions and proposed judgment for the plaintiffs in the amount of $2937.50 are submitted to the United States District Court by United States Bankruptcy Judge Arthur N. Votolato, Jr. pursuant to Local Rule 53(D)(3)(b).

---

**3.** The Defendant cites no case, and we are aware of none, in which a court has not allowed the recovery of a setoff when the provisions of § 553(b) have been met.

**4.** Although the complaint requests a recovery of $2,753.88, it is undisputed that Davisville

also set off $183.62 owed to it from overdrafts made on the Assiantes' checking account. This amount may not be set off pursuant to § 553. *Pfau v. First National Bank (In re Schmidt),* 26 B.R. 89 (Bkrtcy.D.Minn.1982). Accordingly, the Assiantes may recover $2937.50.