In re Joseph CRESTA and Cynthia Cresta, Debtors.

Joseph CRESTA, Plaintiff,

v.

UNITED STATES of America, and Michael Cibik, Trustee, Defendants.

Bankruptcy No. 84–00198G.
Adv. No. 84–0205G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 16, 1985.

Mark A. Kaufman, Delaware County Legal Assistance, Chester, Pa., for debtor/plaintiff, Joseph Cresta.

Edward S.G. Dennis, Jr., U.S. Atty., Michael L. Martinez, Asst. U.S. Atty., Alexander Ewing, Jr., Asst. U.S. Atty. Chief, Civ. Div., Philadelphia, Pa. for defendant, U.S.

Michael Cibik, Philadelphia, Pa., for trustee/defendant.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

Today's foray into bankruptcy law is to determine whether the debtor may avoid a set-off of mutual obligations effected by the Veterans Administration within the 90 day vulnerability period of 11 U.S.C. § 553. Since governing authority in this circuit

holds that the Veterans Administration gained no improvement in position under 11 U.S.C. § 553(b), we will deny relief on the debtor's complaint.

The facts surrounding the issue at bench may be succinctly stated as follows:[1] From 1979 through 1981 the Veterans Administration overpaid the debtor $13,347.26 in benefits. The debtor thereafter sought and obtained an entitlement to monthly benefits under a different program administered by that agency. Immediately prior to the filing of the petition the debtor had accrued $5,404.00 which represented unpaid benefit payments for several months on the second program. Two days prior to the filing of the debtor's chapter 7 petition the Veterans Administration set-off the two sums.

The debtor filed the instant complaint[2] asserting the set-off was avoidable under 11 U.S.C. § 547(b)[3] or § 553[4] since it oc-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

2. The Veterans Administration had previously filed a complaint against the debtor which we dismissed for being untimely filed. *United States v. Cresta (In Re Cresta)*, 40 B.R. 953 (Bankr.E.D.Pa.1984).

3. (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
   (i) was an insider; and
   (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
   (5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). This provision was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, § 462, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day transition period following the enactment of the amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus, we have reproduced § 547(b) as it stood prior to the passage of the amendment.

4. § 553. Setoff
   (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case, except to the extent that—
   (1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;
   (2) such claim was transferred, by an entity other than the debtor, to such creditor—
   (A) after the commencement of the case; or
   (B)(i) after 90 days before the date of the filing of the petition; and
   (ii) while the debtor was insolvent; or
   (3) the debt owed to the debtor by such creditor was incurred by such creditor—
   (A) after 90 days before the date of the filing of the petition;
   (B) while the debtor was insolvent; and
   (C) for the purpose of obtaining a right of setoff against the debtor.

curred within the 90 day preference periods of these two provisions. Under § 553(b) the debtor emphatically contends that the Veterans Administration improved its position during the 90 day vulnerability period of § 553 to the extent of the $5,404.04 sum. The government urges that in applying the "improvement in position" test of § 553(b), all obligations payable by the Veterans Administration during the ninety days are *deemed* payable ninety days prior to the filing of the petition under the authority of *Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984).

We commence our analysis noting that under § 547(b) the trustee may avoid a transfer of property of the estate made within 90 days prior to the filing of the petition, to the extent that one creditor was preferred over another. By statutory implication the avoidance of preferential set-offs is governed by § 553 rather than § 547. *Lee*, 739 F.2d at 873 n. 4. Various limitations on set-off are expressed in § 553 but the one at issue here, the "improvement in position" test, provides in inexplicably convoluted language that set-off may be avoided to the extent that the amount of net indebtedness owned by the *creditor* to the *debtor* increased during the ninety days prior to the filing of the petition.[5] § 553(b); H.R.Rep. 95–595, 95th

Cong., 1st Sess. 185 (1977), reprinted in 1978 U.S. Code Cong. & Admin News 5787, 6145.

The "improvement of position" test was applied in *Lee* where the Social Security Administration had set-off portions of three monthly benefits against amounts owed by the debtor. Although the three payments had accrued in favor of the debtor during the 90 day preference period and thus would appear subject to avoidance under the literal terms of § 553(b), the Court of Appeals noted that the purpose of the statute would not be served by such rigid application and held that:

> [A]ll of the monthly benefits that came due before the filing of the petition should be considered obligations of the Social Security Administration to the beneficiary ninety days before the petition is filed for the purposes of applying the "improvement in position" test, even though they are not yet payable.

*Lee*, 739 F.2d at 877.

In the case at bench it is not clear when the lump sum of $5,404.00 first became payable to the debtor—whether before or after the commencement of the 90 day period. Nonetheless, by the authority of *Lee* we are constrained to hold that the $5,404.00 obligation arose at the beginning of the vulnerability period. Consequently,

---

(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

11 U.S.C. § 553. This provision was also amended by the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984. See footnote 3. The amendments to § 553 are not effective as to this case and so we have reproduced this provision as it stood to the passage of the amendments.

5. In *Lee*, § 553(b) is summarized as follows: "Section 553(b) of the Bankruptcy Code, 11 U.S.C. § 553(b), provides that, if the amount by which *a creditor's claim against the debtor* exceeds *the debt owed the creditor by the debtor,* known as the 'insufficiency,' decreases within ninety days of filing the petition, the creditor can only setoff an amount which will leave the 'insufficiency' where it was 90 days before the petition was filed." *Lee*, 739 F.2d at 876–77 (emphasis added). Though undoubtedly a typographical error, it appears to us that the first underlined phrase *is equivalent to the second* underlined phrase. However, allowing for the inadvertency we think this summary is equivalent to ours.

the Veterans Administration has not improved its position during the 90 day period and, thus, no portion of the set-off is avoidable.

We will enter an order reflecting this conclusion.