Joseph CRESTA

v.

UNITED STATES of America

and

Michael Cibik, Trustee.

Civ. A. No. 85–4950.

United States District Court,
E.D. Pennsylvania.

Feb. 26, 1986.

Mark Kaufman, Chester, Pa., for Joseph Cresta.

Edward S.G. Dennis, Jr., U.S. Atty., Michael Martinez, Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Michael Cibik, Philadelphia, Pa., for Michael Cibik.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is an appeal from the Bankruptcy Court for the Eastern District of Pennsylvania. 51 B.R. 127. For the reasons stated herein, this court will affirm the bankruptcy court's decision.

## FACTS

Appellant in the present case is a debtor in bankruptcy. Appellees are the Veterans Administration of the United States (the "VA") and Michael Cibik, appellant's trustee in bankruptcy.

Between May, 1979, and March, 1981, appellant was paid $13,347.26 from the VA under a non-service connected disability pension. In May, 1981, the VA discovered that appellant had received other income between May, 1979, and March, 1981, and, therefore, determined that appellant was not entitled to the $13,347.26 paid under the non-service connected benefit. Thus, as of May, 1981, appellant owed the VA the amount of $13,347.26.

In the spring of 1981, appellant petitioned for service connected compensation benefits, and his petition was denied in April, 1981. In the fall of 1983, this denial was reopened, and on October 31, 1983, the Board of Veterans Appeals determined that appellant had a post-traumatic stress disorder and that the disorder was caused in the line of duty in Vietnam. Thus, appellant became eligible to seek service connected compensation benefits.

Appellant was awarded these service connected benefits on January 9, 1984. On January 18, 1984, appellant's initial benefit payment was made retroactive to the period of April, 1981, through December, 1983,

and the initial payment of $5,404.04 was offset against the $13,347.26 which appellant owed to the VA.

On January 20, 1984, appellant filed, jointly with his wife, a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

The issue before the court is whether the VA is entitled to retain the sum recouped against the debt owed by appellant before the bankruptcy petition was filed. The VA argues before this court, as it did successfully before the bankruptcy court, that this case is controlled by the decision of the United States Court of Appeals for the Third Circuit in *Lee v. Schweiker*, 739 F.2d 870 (3d Cir.1984), which held that Lee was not entitled to recover Social Security benefits which the Secretary of Health and Human Services (the "SSA") overpaid because Lee had not reported her earnings to the SSA and which the SSA setoff against Lee's Social Security benefits during the 90 day period before Lee filed her bankruptcy petition.

Appellant, on the other hand, argues that *Lee* was not controlling because an ongoing, pre-established monthly benefit to which Lee was entitled existed 90 days before the filing of her petition, whereas here the service connected benefits commenced within the 90 day period before the filing of appellant's petition.

DISCUSSION

In the bankruptcy context, there exists a concern that some creditors, sensing a debtor's imminent bankruptcy, may manipulate their credit position in order to improve their position before the bankruptcy petition at the expense of other creditors. In an effort to eliminate this unfair scramble of creditors to improve their position, Congress created the "improvement in position" test, and courts have applied it in certain circumstances. The improvement in position test is set forth in the Bankruptcy Code at 11 U.S.C. § 553(b) as follows:

(1) except with respect to a setoff of a kind described in section 362(b)(6) or 365(h)(1) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the latter of—(A) 90 days before the date of the filing of the petition; and (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency. (2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

11 U.S.C. § 553(b).

The *Lee* court held that the improvement in position test should not be applied in all situations, however. In particular, the third circuit held that the test should be applied only in situations in which Congress intended for it to apply. The court stated, in *Lee*, in pertinent part:

The concern of Congress in enacting the improvement in position test was that creditors, primarily banks, that had mutual accounts with the debtor would foresee the approach of bankruptcy and scramble to secure a better position for themselves by decreasing the "insufficiency," to the detriment of the other creditors. Such a circumstance would not be improbable if banks were allowed to take advantage of any improvement in their position in the ninety days before bankruptcy. A bank with a continuing relationship with the debtor could not only anticipate the bankruptcy filing, but also pressure the debtor to increase its deposits, or reduce its short-term loans to the debtor.

739 F.2d at 877. Finding that this concern was not relevant, the *Lee* court ruled that the SSA did "not have to return [to Lillie Lee] the amounts recouped before the petition was filed." 739 F.2d at 877.

The court does not believe that this concern applies to the present case. The VA

and debtor here could not have done anything to increase the amount of benefits that would accrue in the ninety days before the petition was filed. The amount was set by administrative regulations and applied to the period between April, 1981, and December, 1983. The only element which the VA had the power to effect was when to initiate the recoupment process.[1]

In the instant case, the VA exercised this power on January 18, 1983, which was within the ninety day period. Similarly in *Lee*, the SSA had only the power to elect when to begin the recoupment process, and the SSA began the process within the ninety day period. Consequently, the court must hold, following the ruling in *Lee*, that the VA does not have to return the amount recouped within the 90 day period before the petition was filed.

CONCLUSION

For the reasons stated above, the decision of the bankruptcy court will be affirmed.

An appropriate Order will be entered.

---

1. Appellant states that the date on which the benefit payments commenced is somehow relevant. On the contrary, *Lee* clearly directs the court to focus on the recoupment process. Consequently, the court believes that the date on which the benefit payments commenced is legally irrelevant.