In re John Jude FOX, Debtor.

John Jude FOX, Plaintiff,

v.

VETERANS ADMINISTRATION, Washington, D.C. 20420, and Harry Waters, in his official capacity as Administrator of Veterans Affairs, Veterans Administration, and John Montgomery, in his official capacity as Director of Veterans Administration Regional Office, and William Sharp, in his official capacity as Chief of Support Services, Veterans Administration, Defendants.

Bankruptcy No. 8500437.

United States Bankruptcy Court,
D. Rhode Island.

June 18, 1986.

---

Robyn Y. Davis, Rhode Island Legal Services, Inc., Providence, R.I., for plaintiff-debtor.

Michael P. Iannotti, Asst. U.S. Atty., Providence, R.I., for defendants.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the plaintiff-debtor's complaint, under 11 U.S.C. §§ 547 and 553, to void a preference and to recover a setoff of funds which occurred when defendants withheld veteran's benefits that became due to the debtor within ninety days of his filing a Chapter 7 petition. The debtor seeks an order compelling defendants to return those funds set off within 90 days of the date of filing herein. At a conference held on November 21, 1985, it was stipulated that there were no material facts in dispute, and counsel agreed to submit the matter for determination upon memoranda. After considering the arguments raised in the briefs, we hold, having made the following findings and conclusions, that the debtor may recover $1350 from the VA and other defendants pursuant to 11 U.S.C. § 553(b).[1]

The facts may be briefly stated as follows:[2] The plaintiff had been receiving monthly veteran's benefits of $1255, based on a 100% service-connected disability. In February 1985, after Fox became indebted to defendants in the amount of $16,233.16 (paid to his lender by the VA upon his default under the terms of a VA guaranteed mortgage) the VA began withholding $450 from each monthly benefit payment. In the 90 day period prior to the date on which the debtor filed his petition, the VA set off $1350.

■ We are assisted in resolving this dispute by reference to the legislative history. The enactment of 11 U.S.C. § 553 is an expression of the Congressional intent to limit the right of setoff, and to treat its exercise as a preference under certain circumstances.[3] *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 377 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. One of these limitations is the so-called "improvement in position" test. Under § 553(b), prepetition setoffs within the 90 day period before filing, that work an improvement in the offsetting creditor's position, are recoverable by the trustee:[4]

1. Because we have determined here that the debtor is entitled to the relief requested under the setoff provisions in the Code, there is no need to consider his § 547 claim for avoidance of a preference.

2. This decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52.

3. There is no language in the statute on which to conclude, as defendants suggest, that § 553(b) is restricted to the recovery of bank setoffs only. *See* Defendants' Response to Plaintiff's Supporting Memorandum at 2–3.

4. 11 U.S.C. § 522(h) provides that the debtor may utilize the trustee's statutory power to re-cover a prepetition setoff, to the extent that the debtor is entitled to exempt the property recovered:

> (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

[I]f a creditor offsets a mutual debt[5] owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—

(A) 90 days before the date of the filing of the petition; and

(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

 The application of this statute is strictly mathematical, and the test is whether the insufficiency[6] on the date of the setoff is less than the insufficiency 90 days before the date of the filing of the petition. *See Assiante v. Davisville Credit Union (In re Assiante)*, 28 B.R. 903 (Bankr.D.R.I.1983). If it is, the difference in the insufficiency, which is recoverable by the trustee (or the debtor), is calculated as follows:

(1) Ascertain any amount by which the claim of the creditor exceeded the debt owing to the debtor on the date of setoff.

(2) Ascertain the same figure for the date 90 days prior to the filing of the petition or for the first date during the 90–day period when the amount of the claim of the creditor exceeded the debt owing to the debtor.

(3) The trustee is entitled to recover any amount by which the figure in (2) exceeds that in (1).

4 *Collier on Bankruptcy* ¶ 533.01[4], at 533–8 (15th ed. 1986).

In the instant proceeding, if the formula is applied to the following figures, the result below is indicated.

| | | |
|---|---|---|
| $14,883.16 | – | VA's claim against debtor as of April 10, 1985 (90 days before the date of filing of the petition)[7] |
| 3,765.00 | – | Debtor's claim against the VA[8] |
| 11,118.16 | – | Insufficiency 90 days prior to filing |
| 9,768.16 | – | Insufficiency after setoff |
| 1,350.00 | – | Decrease in insufficiency after setoff, i.e., VA's improvement in position |

Accordingly, because the insufficiency after setoff was $1350 less than the insufficiency 90 days before July 10, 1985, the debtor is entitled to recover that amount from defendants. *See* 11 U.S.C. §§ 522(h) and 553(b).

Enter Judgment accordingly.

---

5. The mutuality of debts referred to in the statute and required for setoff is not in dispute here. *See* 4 *Collier on Bankruptcy* ¶ 553.04, at 553–17 (15th ed. 1986) ("[t]he basic test is mutuality, not similarity of obligation—something must be owed by both sides").

6. The term "insufficiency" is defined as the "amount … by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." 11 U.S.C. § 553(b)(2).

7. Although $450 was withheld from the debtor's monthly disability benefits in February, March and April 1985 (reducing defendants' claim against the debtor from $16,233.16 to $14,-

883.16), the debtor is not seeking, and is not entitled to recover amounts offset prior to ninety days before the date of the filing of the petition.

8. All monthly benefits due to the debtor prior to the date he filed his petition ($1255 × 3) are considered obligations of the VA to the debtor ninety days before filing of the petition, for purposes of applying the "improvement in position" test. *See Lee v. Schweiker*, 739 F.2d 870 (3rd Cir.1984); *Cresta v. United States (In re Cresta)*, 51 B.R. 127, 129 (Bankr.E.D.Pa.1985). *See also* Defendants' Memorandum at 2, 3.