In the Matter of MOODY &
NEWTON, INC., Debtor.

MOODY & NEWTON, INC., Plaintiff,

v.

SUN BANK/SUNCOAST, N.A., f/k/a
Flagship Bank of Pinellas,
N.A., Defendant.

Bankruptcy No. 84–89.
Adv. No. 85–195.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 31, 1986.

David L. Schrader, St. Petersburg, Fla.,
for debtor.

Ginnie Van Kesteren, St. Petersburg,
Fla., for Sun Bank, N.A.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 adversary proceeding is a Motion for Summary Judgment, filed by Sun Bank/Suncoast, N.A., f/k/a Flagship Bank of Pinellas, N.A. (Sun Bank) against the Complaint to Recover Set Off, filed by Moody & Newton, Inc. (Debtor). The facts relevant and germane to the Motion are undisputed and can be summarized as follows:

On September 30, 1983, prior to the commencement of this Chapter 11 case, the Debtor borrowed $20,000.00 from Sun Bank and executed a promissory note, a security agreement pledging all of its contract rights and accounts receivable, then owned or hereinafter acquired. Subsequently, the Debtor borrowed $10,000.00 more from Sun Bank on October 28, 1983, executed a promissory note and granted a lien to Sun Bank on the following vehicles:

1974 Dodge DP Truck ID # R91H84T002361

1974 International Truck ID # 10662DCA24886

1978 Chevrolet Utility Truck ID # CC0438A166868

It is not clear from the record when the security interests and the liens were perfected. Since the validity of the security interests claimed is not in dispute, for purposes of discussion it is assumed that all interests were properly perfected, thus requires no further consideration.

On November 14, 1983, the Debtor deposited $81,323.00, which were proceeds from accounts receivable, in its Sun Bank account. On November 22, 1983, Sun Bank

setoff $30,473.42 from the account of the Debtor against the two loans totalling $30,000.00 plus interest discussed *supra*. A Petition for Relief under Chapter 11 of the Bankruptcy Code was filed in this Court on January 13, 1984.

The Debtor seeks to recover from Sun Bank the amount offset to the extent of the insufficiency on the date of such setoff pursuant to § 553(b) of the Bankruptcy Code, which provides as follows:

> If a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of filing the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the latter of
>
> (A) 90 days before the date of the filing of the petition; and
>
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

11 U.S.C. § 553(b)(1)(A), (B). An "insufficiency" means an amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim. In other words, no insufficiency exists if the creditor's claim against the debtor does *not* exceed the debt owing to the creditor by the debtor. In essence, this is an improvement in position test. The Debtor asserts the amount of the insufficiency at the relevant time was $15,331.59. The Debtor arrives at this figure through the following computation. On October 14, 1983 (90 days before the filing of the bankruptcy petition) the Debtor had a total of $15,141.83 in Sun Bank accounts. The Debtor then deducted this amount from the $30,473.42, the amount of the setoff, and computed an insufficiency amount of $15,331.59.

Initially, it must be determined whether or not an insufficiency existed in this case with respect to the Sun Bank loans under § 553(b). Section 553(b) was derived from § 547, the preference section of the Bank-

ruptcy Code. 4 Collier on Bankruptcy ¶ 553.15[2] (15th ed. 1982) at 553–19, citing H.R.Rep. No. 595, 95th Cong., 1st Sess 185 (1978) *reprinted in* U.S.Code Cong. & Admin.News 5787. To determine if Sun Bank improved its position, one must first examine the claim held by Sun Bank upon which it based its setoff.

A fully secured claim cannot be subject to an insufficiency under § 553(b). Stated differently, only an unsecured claim can be subject to an insufficiency. *In re Union Cartage Co.*, 38 B.R. 134, 138 (Bankr.N.D.Ohio 1984). In order to determine whether Sun Bank was, in fact, fully secured at the relevant time, the value of the collateral must be determined in order to determine the amount of the insufficiency or lack thereof. Since there is no evidence in this record which would aid this Court in answering this question, the controversy cannot be resolved as a matter of law without an evidentiary hearing to establish the value of the collateral which secured Sun Bank's loans to the Debtor.

In sum, whether the November 22 setoff was an improvement in position or "insufficiency" under 553(b) depends upon the valuation of the collateral which secured Sun Bank's loans to the Debtor. As the record is devoid of any evidence as to the value of the collateral, the question of whether Sun Bank was secured, and if so, the extent to which it was secured, cannot be answered at this stage of the proceedings.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that this cause be set for final evidentiary hearing on the limited issue of the value of the collateral on the 30 day of September, 1986 at 9:00 a.m.