In re PROCESS VALVE AUTOMATION, INC., Debtor.

CITIZENS BANK OF RHODE ISLAND, Plaintiff,

v.

Gregory W. HAMILTON, Trustee, Defendant.

Bankruptcy No. 97–12342.
Adversary No. 97–1106.

United States Bankruptcy Court, D. Rhode Island.

Jan. 9, 1998.

Peter Furness, Peabody & Brown, Providence, RI, for Plaintiff.

Gregory W. Hamilton, Providence, RI, for Defendant.

*ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on December 4, 1997, on the Plaintiff, Citizens Bank of Rhode Island's ("Citizens"), Motion for Summary Judgment. Citizens filed this adversary proceeding to determine the validity, extent and priority of its security interest in virtually all of the assets of the estate, and to require the Trustee to turnover the proceeds from the liquidation of Citizen's collateral. The Trustee filed an Objection and Counterclaim against Citizens under 11 U.S.C. § 553, alleging that Citizens improperly setoff $291,924 in the ninety days preceding the bankruptcy.

In considering requests for summary judgment, courts in this Circuit use the following guidelines:

> [S]ummary judgment should be bestowed only when no genuine issue of material fact exists and the movant has successfully demonstrated an entitlement to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). As to issues on which the movant, at trial, would be obligated to carry the burden of proof, he initially must proffer materials of evidentiary or quasi-evidentiary quality ... that support his position.... When the summary judgment record is complete, all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant.... This means, of course, that summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record.

*Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 763 (1st Cir.1994) (citations omitted) (footnote omitted).

At oral argument, the Trustee conceded the merits of Citizens' Complaint, leaving in dispute only those raised in the Trustee's Counterclaim. As to these, we find that genuine issues of material fact exist, and that neither party is entitled to summary judgment.

We agree with the Trustee's contention that Citizens' actions on April 16, 1997, fall within the scope of Section 553 as a set off and cannot be classified as merely a foreclosure of its collateral. On the other hand, we agree with Citizens' interpretation of the improvement in position test of Section 553(b). If Citizens is a fully secured creditor, i.e., not undersecured, there can be no insufficiency under Section 553(b) and therefore no recoverable setoff. *See Moody & Newton, Inc. v. Sun Bank/Suncoast, N.A. (In re Moody & Newton, Inc.),* 64 B.R. 211, 212 (Bankr. M.D.Fla.1986); *Quinn v. Montrose State Bank (In re Intermountain Porta Storage, Inc.),* 74 B.R. 1011, 1017 (D.Colo.1987). Since the dispositive issue, i.e., the value of the collateral securing Citizens' claim is disputed, this matter is not ripe for summary judgment.

The parties are directed to deposit the proceeds of the sale of the collateral into a joint escrow account, pending the resolution of the Trustee's Counterclaim.