### WRIGHT v. OLIVE. *

(Circuit Court of Appeals, Fifth Circuit. December 16, 1926. Rehearing Denied January 12, 1927.)

No. 4789.

Landlord and tenant ⊜⟶157(12)—Lessee's obligation to pay part of cost of building held such as could be set off by landlord against tenant's claim for conversion.

Where intended lessee of building agreed to pay all costs of its construction in excess of a stated amount, his obligation under such agreement existed independent of subsequent forfeiture of lease by landlord, and could be set off in action against landlord for conversion of lessee's property after forfeiture of· lease.

In Error to the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge.

Action by E. J. Olive, trustee in bankruptcy of the Southern Theatrical Corporation, against G. G. Wright. Judgment for plaintiff, and defendant brings error. Reversed, and cause remanded.·

Joseph J. Eckford and John W. Pope, both of Dallas, Tex. (Paul T. McMahon, of Dallas, Tex., on the brief), for plaintiff in error.

Thomas T. Holloway, of Dallas, Tex. (Holloway & Holloway, of Dallas, Tex., on the brief), for defendant in error.

*Second petition for rehearing denied February 10, 1927.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. In a written contract entered into between Gilbert G. Wright and J. H. Yeargan, Jr., Wright agreed to erect a theater building on a plot of ground which he owned, and contribute $60,-000 towards the cost of construction. Yeargan reserved the right to have the building constructed according to plans and specifications approved by him, and agreed to pay, upon completion of the building, any additional cost of construction. The contract further provided that, upon completion of the building, Yeargan or his assignee should have a lease for 15 years, subject to forfeiture for the noncompliance with any of the lessee's covenants, but gave to Wright the option in case of forfeiture to relet the premises for the remainder of the term for the lessee's account.· One of the lessee's covenants required a deposit of $10,000 with Wright, to be applied as rent upon the last six months of the lease; ·but that amount was also subject to forfeiture upon the lessee's failure to perform any of his covenants.

The building cost about $104,000, but, of that amount Yeargan and the Southern Theatrical Corporation, to which he assigned the lease before the completion of the building, paid only $2,000, and therefore became liable ·to Wright for approximately $42,000. Wright undertook to terminate the contract, and forfeited the lease because of the failure· of Yeargan or his assignee to meet the obligation to pay the excess cost of the building, upon which rent amounting to $3,750 was· past due and unpaid. He took possession of the building, and also of furniture and other personal property of the lessee which had been placed therein, of the value of $5,200.

The theatrical corporation was subsequently adjudged a bankrupt, and in a plenary action by its trustee in bankruptcy, the District Judge, before whom the case was tried upon a written stipulation without a jury, refused to allow Wright to set off the bankrupt's indebtedness to him of ·$42,000, on the theory that the lessee's obligation to pay that sum was extinguished by the forfeiture of the lease, refused to uphold the for-· feiture of the $10,000 reserved as rent, but allowed a credit on that amount of $3,750 for rent past due, and entered up a .judgment for the difference of $6,250, and also for $5,200; the latter amount being the value of Wright's furniture which, in taking possession of his building, Wright had converted to his own use.

In our view it is immaterial to determine whether the $10,000 advanced to secure rent was forfeitable, as we are of opinion that at least Wright was entitled to set off the debt of $42,000 due him upon the completion of the building, and before the term of the lease began. If we are correct in that view, judgment for any amount in favor of the plaintiff trustee was erroneous. A part of the consideration for the contract moving to Wright was the obligation of the Southern Theatrical Corporation to pay the excess cost incurred in constructing the building. That obligation was past due. It was separate and distinct from the lease, and was no more subject to be discharged by forfeiture of the lease than it would have been if the lessee had borrowed the money from a third party and erected the building at its own expense.

Cases are cited by the trustee to the effect that upon forfeiture of a lease future payments thereby reserved are not collectable, but they are inapplicable to the facts of this case. Upon the forfeiture of a lease, the lessor elects to take back his property, and by so doing renounces future payments. It is immaterial that Wright had the option to relet the premises for the lessee's account, because he chose to exercise another right, which he also had, to terminate the contract.

The judgment is reversed, and the cause remanded, for further proceedings not inconsistent with this opinion.