**In re TRENDING CYCLES For COM-MODITIES, INC. d/b/a First Guaranty Metals Co., Debtor.**

**Jeanette TAVORMINA as Trustee for Trending Cycles for Commodities, Inc. d/b/a First Guaranty Metals Co., Plaintiff,**

v.

**ALEXANDER GRANT & COMPANY, Defendant.**

**Bankruptcy No. 80–00099–BKC–TCB.**

**Adv. No. 80–0151–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Aug. 15, 1980.

   .    ————

James E. Yacos, Miami, for defendant.

Arthur Halsey Rice, Miami, for trustee–plaintiff.

THOMAS C. BRITTON, Bankruptcy Judge.

MEMORANDUM DECISION

The trustee seeks recovery of a $10,000 security deposit from the debtor's landlord. (C. P. No. 1) The landlord has answered and counterclaimed for $5,623 administrative rent and $12,564 damages, in excess of the security deposit, resulting from the breach of the lease. The matter was tried before me on August 7, 1980. This order incorporates findings and conclusions as authorized by B.R. 752(a).

In 1978, the debtor subleased from the defendant 2,454 square feet on the fifth floor of an office building on Brickell Avenue in Miami. The rest of the floor, some 8,000 square feet, was then and still is occupied by the defendant, the local office of a national accounting firm. When bankruptcy was filed on January 31, 1980, the rent was current. The trustee retained possession until April 22, 1980.

The accrued administrative rent for the period January 31 to April 22, 1980 is $5,623. The landlord has a priority claim from the estate for this sum under 11 U.S.C. § 507(a)(1).

As of April 22, the lease was rejected by the trustee under 11 U.S.C. § 365 and that action gave the landlord a general unsecured claim for its damages, if any, resulting from the breach.

Upon the breach of a lease, the landlord has the choice of three remedies under Florida law:

"The three remedies are:

(a) he may treat the lease as terminated and resume possession of the premises, thereafter using the same exclusively as his own for his own purposes; or

(b) he may retake possession of the premises for the account of the tenant, holding the tenant in general damages for the difference between the rentals stipulated to be paid and what, in good faith, the landlord is able to recover from a reletting; or

(c) he may stand by and do nothing and sue the lessee as each installment of rent matures, or for the whole when it becomes due." *Chandler Leasing Division, Etc. v. Florida–Vanderbilt Development Corp.*, 5 Cir. 1972, 464 F.2d 267, 271; cert. den. 409 U.S. 1041, 93 S.Ct. 527, 34 L.Ed.2d 491.

On July 1, 1980, the defendant leased the front 1,482 square feet of the vacated premises to a third party for the remaining term of the original sublease, 37 months, at a higher rental, $13 rather than $10 per square foot per year. The other terms of the new sublease are identical to those of the debtor's sublease. Defendant incurred no expense in reletting the premises or in cleaning or repairing them. Defendant, who bought the debtor's office furniture, has occupied the rest of the premises that had been leased to the debtor. It has cut a door for access to the back space. There is no satisfactory evidence as to the cost of this modification.

The entire premises remained vacant from April 22 to July 1 despite the land-lord's reasonable efforts to lease the space. The landlord sustained damage in the sum of $4,601 during that interval.

I find that the landlord elected to take possession of and occupy the remaining 972 square feet of the premises which had been rented by the debtor. See plaintiff's Exhibit 3, pp. 19–20. It continues to occupy those premises. It has made no good faith effort to rent that space and has, in fact, rejected an inquiry from a prospective tenant. I am satisfied that the landlord could have rented that less desirable and less accessible space for a sum which, taken together with the increased rental received from the front 1,482 square feet, would have produced the same total rent provided in the debtor's lease. Suitable access to that space has been provided. I take judicial notice of the fact that this particular location is as desirable for office purposes as any in Southeast Florida and is in demand. The landlord has sustained no damage with respect to the 972 square feet it has elected to occupy.

The landlord has, therefore, a total claim of $10,224. The landlord also holds a security deposit received from the tenant of $10,000 and the landlord concedes that the security deposit has accrued $805 interest for the credit of the trustee. It follows that the account between the parties reflects a net credit owed to the trustee by the landlord of $581.

The landlord argues that 11 U.S.C. § 553 prohibits such a setoff, because the two obligations are not "mutual". I reject the argument for the same reasons this argument was rejected by the Bankruptcy Court in *In re Standard Furniture Co.*, S.D.Cal. 1980, 3 B.R. 527, 531:

"Norwood's arguments are unsound. First of all, there are mutual obligations between the parties. The trustee, by his use and occupation of the premises, owes Norwood for the reasonable value thereof, and Norwood, as is provided in the lease, is a debtor of the trustee with respect to the security deposit. Secondly, Section 553 does not affect the trustee's claim of offset anyway, as that section by its own terms, is applicable only to the right of set–off by a creditor. See 11

U.S.C. § 553(a); 4 Collier on Bankruptcy, ¶ 553.12 at p. 553–54 (15th ed.). Here, the trustee is not a "creditor" as defined in Section 101(9) of the Code, as his claim of offset is directed against Norwood and not the Debtor. See 11 U.S.C. § 101(9). The trustee's right of offset is a defense of the Debtor which the trustee may assert under Section 541(e) of the Code. 11 U.S.C. § 541(e). This section provides in part that: 'The estate shall have the benefit of any defense available to the debtor as against an entity other than the estate . . . .' 11 U.S.C. § 541(e). See generally *Carstens v. McClean*, 7 F.2d 322, 323 (9th Cir. 1925); 4 Collier on Bankruptcy, ¶ 541.25 (15th ed.)"

As is required by B.R. 921(a), a separate judgment will be entered in favor of the trustee and against defendant in the amount of $581. Each party will bear its own costs.