In re Anthony J. DONATO, Evelyn B.
Donato, Debtors.

Anthony J. DONATO, Evelyn B.
Donato, Plaintiffs,

v.

DOMINION NATIONAL BANK OF
TIDEWATER, Defendant.

Bankruptcy No. 81–01407–N.
Adv. No. 81–0693–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Feb. 17, 1982.

John T. Midgett, Wilkins & Midgett, Norfolk, Va., for plaintiffs.

Anthony M. Thiel, Eley, Rutherford & Leafe, Norfolk, Va., for defendant.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

The issue prevailing has not previously come before the Court as a result of Bankruptcy Reform Act of 1978 [the Code]. The debtors seek the turnover of funds held by Dominion National Bank of Tidewater pursuant to rights, it says, under the "setoff" provisions of 11 U.S.C. 553.

### The Facts

The debtors signed a promissory note on October 20, 1979, with the Dominion National Bank of Tidewater for the purchase of a tractor. Subsequently, there was a default in payments and according to the exhibits and testimony, the tractor was voluntarily repossessed by the bank on April 1, 1981. As a result of the repossession and sale of the tractor, there was on July 17, 1981, a balance due the bank of $7,830.14.

The bank moved on September 14th and offset the debtors' checking account in the amount of $1,155.07. The computer printout reflects that the setoff was accomplished at 12:08 p. m. on the 14th. The same day the debtors filed their petition for relief in this Court under Chapter 13. This was at 3:12 p. m.

On September 15th, the bank corrected its records to show an offset of $609.76, the amount in the debtors' checking account as of September 14th.

### The Law

██ As a preliminary manner, the bank raises the question of whether the debtors have standing to bring this action. The debtors are attempting to recover a setoff under § 553. Sections 522(g) and (h) specifically empower a debtor to bring such an action if the trustee has the right to and doesn't. And the provisions of Chapter 5 of the Code apply to Chapter 13 debtors. 11 U.S.C. § 103(a). There is no question as to debtors' standing. The trustee has brought no action; therefore they may.

██ Generally, a creditor may offset a mutual debt owed to the debtor against a claim the creditor has against the debtor. *In re Duncan*, 10 B.R. 13, 6 BCD 1310 (Bkrtcy.D.Tenn.1980). 11 U.S.C. § 553 regarding setoffs is not an independent source of law. The section merely preserves the common law right of setoff under applicable non-bankruptcy law. *In re Haffner*, 12 B.R. 371 (Bkrtcy.M.D.Tenn. 1981).

However, section 553 does place several restrictions on the right of setoff. The automatic stay applies to setoffs accomplished *after* the filing of the petition for debts which arose prior to the commencement of the case. 11 U.S.C. § 362(a)(7). In addition, any setoff accomplished within 90 days of bankruptcy is subject to the "improvement of position test" of § 553(b). The rationale for this test parallels the improvement of position test in the voidable preference section of the Code. 11 U.S.C. § 547(c)(5); Legislative History, H.Rep. 95–595, p. 185, U.S.Code Cong. & Admin.News 1978, p. 5787.

██ The Court finds that the bank accomplished the setoff prior to the filing of the debtors' petition. Because the setoff occurred prior to the petition, the action was not subject to the automatic stay provisions of § 362.

██ The bank had the right to offset against the debtors' checking account. That right is subject to the improvement of position test enunciated in § 553(b). Under this test, any increase during the 90 days before bankruptcy in the amount of the debt owing by the creditor to the debtor would not be permitted to be offset.

██ The evidence presented at trial is insufficient to determine whether the bank may retain all or a portion of the offset

amount under the improvement of position analysis. The figures required by the Court are the amount of the debt and the balance in the debtors' account on the following dates:

(1) 90 days prior to the filing of the petition,

(2) the date of the setoff [which the Court determines to be September 14, 1981 at 12:08 P.M.], and

(3) the first date during the 90 days preceding the date of the filing of the petition on which there was an insufficiency, if this date was not (1), above.

*In re Satterla*, 15 B.R. 166, 169 (Bkrtcy.W. D.Mich.1981).

If the parties cannot agree upon these figures, the bank shall within fifteen (15) days of this order request a further hearing.

IT IS SO ORDERED.