**In the Matter of LACKOW BROTHERS, INC., Debtor.**

**William ROEMELMEYER and Jeanette Tavormina, Co-Trustees, Plaintiffs,**

v.

**William C. WEBB and Tom Maxey, as Trustees, Defendants.**

**Bankruptcy No. 81–00485–BKC–SMW. Adv. No. 82–0330–BKC–SMW–A.**

United States Bankruptcy Court, S. D. Florida.

July 20, 1982.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on for trial on the adversary complaint filed by the Trustees as Plaintiffs, and the Counterclaim of the Defendants as Counter-Plaintiffs, whereby the Trustees sought the recovery of a security deposit in the amount of $10,000 under *11 U.S.C. Sec. 541(a) and 542(a)*.  The Defendants/Counter-Plaintiffs denied that the Plaintiffs had the right to recover.  In addition to filing two Affirmative Defenses, the Defendants filed two Counterclaims.  The First Counterclaim sought damages for the breach of a lease pursuant to *11 U.S.C. Sec. 365(g), 502(b)(7) and 553*.  In the Second Counterclaim the said Defendants sought damages for the removal of trash and debris and for anticipated expenditures in cleaning the building.

The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and argument of counsel, and being otherwise fully advised, does hereby make the following:

## FINDINGS OF FACT

1. That prior to the commencement of these proceedings the Defendants were the Landlord and Lackow Brothers, Inc., a New York corporation (not the Debtor in these proceedings), was the tenant under a lease agreement dated July 15, 1978.

2. That the Debtor, LACKOW BROTHERS, INC., occupied the premises subject to the foregoing lease.

3. That in accordance with the terms and conditions of the said lease, the sum of $10,000 was deposited with the Landlord to secure the full and faithful performance of the tenant's duties under the lease.

4. That at the time of the commencement of these proceedings the tenant had made no contribution, as a portion of the rent, to the 1980 real estate taxes (State of Florida, County of Dade). That said contribution should have been $12,007.07. That under the terms of the lease said sum constituted rent, and at the time of the commencement of these proceedings said sum was due, owing and outstanding.

5. These were adversary proceedings which sought recovery of monies on behalf of the Trustees, and therefore the Counterclaims raised by the Defendants are in the nature of matters which could not be raised by adversary proceedings; they are in the nature of claims to be filed in this Chapter 7 liquidation.

## CONCLUSIONS OF LAW

6. The amount of rent owed to a landlord can be set off against a security deposit being held by the landlord. *11 U.S.C. Sec. 553;* see also *Trending Cycles for Commodities, Inc. v. Alexander Grant & Company,* 6 B.R. 71 (Bkrtcy. S.D. Fla. 1980).

7. A landlord's claim for a breach or anticipatory breach of a lease, or for damages sustained for restoring the premises to their condition prior to the commencement of the lease, cannot be made the subject of an adversary proceeding. *Bankruptcy Rules, Part VII, Adversary Proceedings, Rule 701, et seq.*

8. Since *Bankruptcy Rule 701(1)* is limited to the recovery of money from the estate, and *Section 327(a) of the Code* provides for the filing of claims of this nature against the estate, situations governed by the latter cannot be made the basis of an adversary proceeding subject to the former provision. Therefore, the Counterclaims must be dismissed without prejudice.

As is required by *Bankruptcy Rule 921(a)*, a separate judgment will be entered, denying the Trustees the right to recover the sum of $10,000 held by the Landlord as a security deposit, and the Counterclaims filed by the Landlord will be dismissed without prejudice.