In re Jerome F. SCIONTI, d/b/a Jerome's Italian Cuisine, Debtor.

Thomas A. HICKEY, Trustee, Plaintiff,

v.

FIRESIDE INN MOTEL, INC., Defendant.

Bankruptcy No. 82–01439–JG.

Adv. No. A83–0018–JG.

United States Bankruptcy Court, D. Massachusetts.

Aug. 3, 1984.

Thomas A. Hickey, Trustee, Barron & Stadfeld, Boston, Mass., for plaintiff.

Dennis I. Greene, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Boston, Mass., for defendant.

MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

The Chapter 7 Trustee, seeks to recover a $10,000 security deposit from the defendant, the debtor's landlord, Fireside Inn Motel, Inc. The complaint alleges that the landlord's application of the deposit within ninety days of the filing of the bankruptcy petition to satisfy antecedent rent arrearages was a preferential transfer under 11 U.S.C. 547.

The defendant landlord moved to dismiss the complaint pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) (as made applicable to this proceeding by Bankruptcy Rule 7012), asserting that the landlord had a valid security interest in the deposit and thus was entitled to take possession of its collateral during the preference period.

All the parties, including the intervenor,[1] submitted a Stipulation of Facts which provided as follows. In November 1981 Scionti and Brodeur entered into a lease with Fireside of premises in Salem, New Hampshire for a two-year term, for a monthly

1. The Chapter 7 Trustee of Dean M. Brodeur, the debtor Scionti's partner in a restaurant venture, moved to intervene as a party plaintiff in this adversary proceeding. No objections or requests for hearing were filed and Motion was allowed on July 31, 1984.

rent of $3,000. The lease called for a $10,000 security deposit, which the debtor paid, to secure the lessee's performance. The language of this provision also indicate that the tenant is entitled to return of the deposit with interest if there has been no default by the lessee.

As of the date of the filing the debtor was twenty months in arrears, and owed the landlord $60,000, which greatly exceeds the amount of the deposit. In August 1982 the landlord's attorney released the $10,000 deposit to the landlord.

The landlord argues that its application of the security deposit was not, as a matter of law, a preferential transfer because its seizure was merely a realization on collateral.

The Federal Rules of Civil Procedure, Rule 12(b)(6), provides in part that a Motion to Dismiss for failure to state a claim shall be treated as a Motion for Summary Judgment if matters outside the pleadings are presented to and not excluded by the Court. As the parties have submitted the Stipulation, the Motion shall be treated as a Motion for Summary Judgment.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the pleadings on file show that there is no genuine issue of material fact and show that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c) (1963).

In this case it is not necessary to decide whether the landlord had a security interest in the deposit, thereby validating the application of the deposit, because I believe the landlord is entitled to judgment as a matter of law for a different reason.

 Section 553 of the Bankruptcy Code recognizes a creditor's right to offset a mutual debt owed by a creditor to the debtor that arose before bankruptcy against a claim of the creditor of the debtor that arose before bankruptcy. 11 U.S.C. Section 553 (1979). The right of setoff is unaffected by the Bankruptcy Code. A lease provision establishing a security deposit to secure a lessee's obligations under a lease creates a debt of the landlord to the tenant contingent on the tenant's performance. *See In Re Naudain*, 32 B.R. 880, 11 B.C.D. 23 (Bankr.E.D.Penn.1983). It is well-settled that a lessor may setoff the amount of the security deposit under a lease against a pre-petition claim for rent and damages owed to the landlord, as they are mutual pre-bankruptcy obligations. *See, e.g., Wright v. Olive*, 16 F.2d 270 (5th Cir.1926); *In Re Lackow Bros., Inc.*, 22 B.R. 1022 (Bankr.D.Fla.1982); *Waldschmidt v. Appleton Investment Co.*, 13 B.R. 264 (Bankr.E.D.Wisc.1981); *Trending Cycles for Commodities, Inc. v. Alexander Grant & Co.*, 6 B.R. 71 (Bankr.S.D.Fla. 1980); *L. King, 4 Collier on Bankruptcy*, Par. 553.04 at 553–19 (15th ed. Supp.1983).

In the present case the landlord, prior to the filing, appropriately setoff the deposit against its claim for rent arrearages, which far exceeded the deposit amount. Because under Section 553 this right is preserved, Firestone is entitled to retain the deposit.

Judgement shall enter for the defendant in this adversary proceeding.