In re Erich M. COLEMAN SS# 284–46–7514, Marta S. Coleman SS# 282–50–3065, Debtor(s).

Bankruptcy No. 1–84–01155.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 26, 1985.

John W. Rose, Cincinnati, Ohio, for debtors.

Timothy J. Hurley, Cincinnati, Ohio, for CG & E.

William R. Schumacher, Cincinnati, Ohio, trustee.

## DECISION AND ORDER ON MOTION REGARDING SECURITY DEPOSIT.

BURTON PERLMAN, Bankruptcy Judge.

Debtors filed a Chapter 13 case in this court which has been confirmed. Cincinnati Gas and Electric Company (hereafter CG & E), undisputedly a utility within the meaning of 11 U.S.C. § 366, has demanded a security deposit from debtor in the amount of $195.00 in connection with the service being provided to them. Debtors do not dispute the justifiability of a security deposit in that amount, but here put in dispute what is required of them in order to comply with that requirement.

These debtors had formerly been debtors in a Chapter 7 case. They were granted a discharge in that case, and in that case a substantial indebtedness to CG & E was discharged. Thereafter, CG & E required a deposit of $160.00 by debtors which was paid to CG & E, and which CG & E has held until the present time. Meanwhile, debtors again ran up a substantial indebtedness to CG & E which, by the time that the present chapter 13 case was filed, amounted to $1,166.84. It is the contention

**2**

of debtors that the $160.00 being held by CG & E should be applied to the now demanded deposit of $195.00, so that they need only contribute $35.00 to make up the total required deposit. CG & E, on the other hand, contends that it should be allowed to set off the $160.00 it is presently holding against the accumulated pre-filing indebtedness of debtors. We agreed at the hearing on this matter that we would proceed as though there were pending before us a motion by CG & E pursuant to § 362(d) to lift the stay against set off existing by reason of 11 U.S.C. § 362(a)(7).

■ The § 362 stay should be lifted if CG & E is entitled to set off the $160.00 security deposit it is holding against the pre-filing indebtedness owed to it by these debtors. If CG & E has such a right, then "cause" within the meaning of § 362(d)(1) exists for the lifting of the stay. While it has been said that cause for relief from the § 362(a)(7) stay is presumed to exist in a Chapter 7 case, *In re Springfield Casket Co., Inc.,* 21 B.R. 223 (Bankr.S.D.Ohio 1982), this is a Chapter 13 case. If a lift of the stay is sought post-filing in a reorganization case rather than a liquidation case, the right to set off may be more circumscribed, and in cases where the set off would impede the process of reorganization the court may exercise its discretion to deny the right to set off. *In re Princess Baking Corp.,* 5 B.R. 587, (Bankr.S.D.Ca. 1980). That set off is subject to the discretion of the court is clear. *In re Jonker Corp.,* 385 F.Supp. 327 (D.C.Md.1974). A case where set off was refused because of prospective inhibition to reorganization is *In re Dartmouth House Nursing Home, Inc.,* 24 B.R. 256 (Bankr.Mass.1982).

The relevant statute 11 U.S.C. § 553 in pertinent part states:

... this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

In this case, over an extended period of time prior to the bankruptcy filing, debtors ran up a utility bill in excess of $1,000.00, and long prior to any preference, they made a deposit in the amount of $160.00 with CG & E. The facts of this case are squarely within the quoted statutory language.

In such a situation, we look to state law to determine the right to set off. 4 Collier on Bankruptcy (15th ed.) 553–38, *In re Donato,* 17 B.R. 708, (Bank.E.D.Va.1982); *In re Princess Baking Corp.,* 5 B.R. 587 (Bankr.S.D.Ca.1980). Controlling authority discloses that the right to set off exists in Ohio. 14 O.Jur.2d 8; *Walter v. National City Bank,* 42 Ohio St.2d 524, 330 N.E.2d 425 (1975). The correct analysis, then, is that since the right in favor of CG & E to set off exists with respect to the pre-filing debt and deposit, "cause" within the meaning of § 362(d)(1) to lift the stay has been shown.

■ That does not, however, end the inquiry. Notwithstanding the right to set off, it is within the power of this court within its discretion to deny the exercise of that right where equity suggests that outcome. Thus, set off was denied when it would frustrate a chapter 11 debtor's ability to reorganize. *In re Dartmouth House Nursing Home, Inc., supra,* but in accordance with the language of § 362(g)(2), debtor has the burden of proof with respect to the showing of an equitable ground for denying the creditor the right to exercise set off. *See, In re Springfield Casket Co., Inc., supra.*

■ In this case there is no reason to believe that the deprivation of debtors of access to the $160.00 pre-filing deposit will disable them from performing their plan. We therefore reach the conclusion that the stay should be lifted in respect to the right of CG & E to exercise set off with respect to the $160.00 it is holding, and apply that to the pre-filing indebtedness which consti-

tutes its claim in the chapter 13 case of debtors.

Debtors argue that the question of the right of CG & E to exercise set off should turn on the question of whether the $160.00 deposit in the hands of CG & E constitutes property of the estate. We disagree with that analysis, for the right to set off is independent of that consideration.

Further, debtors contend that set off should be denied because CG & E has requested a new security deposit for post-filing service. (While debtors have framed this as a request that the $160.00 being held by CG & E be applied to the new security deposit, we have no doubt that the import of that request is as we have stated it in the preceding sentence.) We can see no ground for intermingling the consideration of the two security deposits. They are entirely independent matters. We have above reached the conclusion that CG & E is entitled to utilize the $160.00 deposit for the purpose for which it was given. 11 U.S.C. § 366 recognizes that a utility may request a security deposit after a debtor has filed a bankruptcy petition. That request, of course, is subject to the considerations set forth in § 366. That section provides that the utility is entitled to adequate assurance of payment. It would be a perversion indeed to withhold from a utility its right to a security deposit given pre-bankruptcy where the utility is left with a claim for a substantial default, and reason somehow that the prior security deposit ought now to furnish adequate assurance to the utility with respect to future service. Yet that in effect is what debtor's argument amounts to. We cannot accept it.

Accordingly, we hold that the automatic stay of § 362 will be lifted so that CG & E may exercise its right of set off with respect to the $160.00 pre-filing security deposit. We do not perceive that there is before us any request for modification of the demand by CG & E for a new security deposit in the amount of $195.00, and therefore make no further ruling in the matter.

SO ORDERED.