In re Mark Randall HINSON and Tamara Leah Hinson, Debtors in Chapter 7.

Bankruptcy No. 86–10855–L.

United States Bankruptcy Court, W.D. Tennessee, E.D.

Oct. 10, 1986.

Mary Jo Middlebrooks, Jackson, Tenn., for debtors.

R. Bradley Sigler, Jackson, Tenn., for Commercial Bank & Trust Co.

## MEMORANDUM OPINION AND ORDER RE: DEBTORS' MOTION TO COMPEL CREDITOR TO TURN OVER PROPERTY

WILLIAM B. LEFFLER, Bankruptcy Judge.

This cause is before the Court on the Debtors' Motion to Compel Commercial Bank and Trust Company (the Bank) to return $325.70 it admittedly setoff within the 90–day period preceding the filing of their Chapter 7 Petition. The Debtors have amended Schedule B–4 of their Chapter 7 Petition to claim as exempt the amount sought. At issue is whether they may recover this amount. The following constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

The facts in this proceeding are virtually undisputed. The Debtors initially obtained a loan from the Bank on December 21, 1984 in the amount of $3,000.00. The loan was secured by a Combine belonging to the Debtors and was repayable in two annual installments. A subsequent loan of $12,500 was obtained by the Debtors on April 15, 1985. This amount was secured by crops, a Combine, a Planter, a Disc, a Chisel Plow, a Tractor and a Spray Rig belonging to the Debtors. The tractor which served as security was apparently released on February 14, 1986. Contained in the agreements pursuant to which these loans were made are provisions which grant the Bank the right, upon default by the Debtors, to set off any funds of the Debtors held by the Bank. The Debtors maintained a checking account with the Bank. They filed their Chapter 7 Petition on July 23, 1986.

On May 13, 1986, Mr. Charles Robinson, Assistant Vice President of the Bank, informed the Debtors by letter that because of their default in making payments and the inadequate value of the collateral the Bank had repossessed, the Bank had set off the funds in their checking account and thus realized $325.70.

The Debtors seek to recover these funds pursuant to 11 U.S.C. § 522(h) which provides:

The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 729(a) of this title or recoverable by the trustee under secton 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

Subsection (g)(1) of section 522 provides in pertinent part:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt ... property that the trustee recovers under section.... 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property....

In the case at bar, it is clear that the setoff was not a voluntary transfer of property by the Debtors, the Debtors did not conceal the property, the property could have been exempted pursuant to section 522(b) and T.C.A. § 26–2–112, and the Trustee chose not to recover the property as it was being claimed as exempt. Therefore, the question becomes whether the amount set off is recoverable by the Debtors pursuant to section 553. As indicated, in addition to their claim that this property is exempt, the Debtors contend that the set off was improperly made within the 90 days preceding their bankruptcy filing.

The Bank asserts that the amount in question would not have been subject to recovery by the Trustee and is thus not subject to such by the Debtors pursuant to 11 U.S.C. § 547(c)(7). Section 547 is the

Bankruptcy Code's preference section whereby transfers of the debtor's property within the 90 days preceding the debtor's bankruptcy filing are generally recoverable for the benefit of the bankruptcy estate. However, subsection (c) sets forth types of transfers which are excepted from the general recovery provisions and sub-section (c)(7) specifically provides that the Trustee may not avoid a transfer

> if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.00.

■ On its face, this section seems applicable to the facts at bar; however, it appears from a reading of the interpretation given sections 547 and 553 by other courts faced with this issue that section 547 is inapplicable where a set off is involved. "Although a set off has been termed a type of 'preference permitted by statute,' the two statutes are mutually exclusive remedies. 11 U.S.C. § 547 governing preferences does not apply to set offs. 11 U.S.C. § 553 is the only provision that limits pre-bankruptcy set offs." *In re Simkon Industries, Inc.*, unpub., Bk. no. 83-20255 (W.D.Tenn. December 30, 1985), p. 6. See cited there *Lee v. Schweiker*, 739 F.2d 870, 973 at n. 4 (3rd Cir.1984), *In re Cresta*, 51 B.R. 127 (Bankr.Ct.E.D.Pa.1985), *F.D.I.C. v. Bank of America*, 701 F.2d 831, 836 (9th Cir.1983); Epstein, *Debtor-Creditor* Law (3rd ed. 1985), p. 201.

Having made the above determination, it is necessary to consider the parties' positions in light of section 553 which has been interpreted as Congress' intention that, with few exceptions, a creditor's common law right to set off a "mutual debt" should remain intact. See King, *Collier on Bankruptcy* (15th ed.) pp. 553-8-553-12, ¶ 553.-02; *In re Duncan*, 10 B.R. 13 (Bankr.E.D. Tenn.1980); *In re Haffner*, 12 B.R. 371 (Bankr.M.D.Tenn.1981) In pertinent part, section 553 reads as follows:

> (a) Except as otherwise provided in this section and in sections 362 [automatic stay] and 363 [use, sale, or lease of property] of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before commencement of the case under this title against a claim of such creditor against the debtor that arose before commencement of the case, except to the extent that—
>
> (1) the claim of such creditor ... is disallowed other than under section 502(b)(3) of this title;
>
> (2) such claim was transferred, by an entity other than the debtor, to such creditor—
>
> (A) after the commencement of the case; or
>
> (B)(i) after 90 days before the date of the filing of the petition; and
>
> (ii) while the debtor was insolvent; or
>
> (3) the debt owed to the debtor by such creditor was incurred by such creditor—
>
> (A) after 90 days before the date of the filing of the petition;
>
> (B) while the debtor was insolvent; and
>
> (C) for the purpose of obtaining a right of setoff against the debtor.
>
> (b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 365(h)(2), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
>
> (A) 90 days before the date of the filing of the petition; and
>
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
>
> (2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

(c) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.

Before going further, it should be noted that with respect to "mutual debts," *Collier* explains, "[t]o be mutual, the debts must be in the same right and between the same parties standing in the same capacity." *Collier*, p. 553–18, ¶ 553.04(2). Moreover, as between a bank and its depositor, "[i]t is no longer open to question that a general deposit in a bank, subject to withdrawal at will, creates a debtor-creditor relationship between the bank and the depositor,...." Id. at p. 553–54, ¶ 553–15 citing, inter alia, *New York County Natl. Bk. v. Massey*, 192 U.S. 138, 24 S.Ct. 199, 48 L.Ed. 380 (1904). Given this explanation, it is apparent that the debts here were in fact mutual as required by section 553.

██ Upon application of section 553 to the present facts it is clear that this set off falls within the parameters of subsection (b) in that it was made within the 90 days preceding commencement of the bankruptcy case. As such, absent the exemption question, the Debtors would be allowed to recover any amount by which the Bank "improved its position" between the 90th day and the 70th day preceding their bankruptcy filing. The question is whether they may recover more, given that the full amount of the set off is claimed as exempt.

From its examination of the authorities, the Court has determined the following. Section 522(c) whereby "property exempted under this section is not liable *during* or *after* the case for any debt of the debtor that arose ... before commencement of the case...." is heavily relied upon by the courts in denying motions of creditors to lift the automatic stay for the purpose of exercising postpetition setoffs. See *In re Haffner*, supra, *In re Monteith* 23 B.R. 601; 9 B.C.D. 923; 7 C.B.C. 498 (Bankr.N.D.Ohio 1982), *Collier* p. 553–30, n. 9, ¶ 553.05. However, it appears that where the set off is made in good faith, *pre* petition, the Debtor is limited to the remedies

available to the Trustee pursuant to sections 522(g)(1) and 553(b). *In re Duncan*, supra; see also *Collier*, p. 553–31, ¶ 553.06.

Application of these findings to the present facts leads to the conclusion that the Hinsons' remedy is found at 11 U.S.C. § 553(b). Therefore, they are entitled to recover the amount equal to the extent to which the Bank improved its position between the first day on which an insufficiency occurred or the 90th day preceding the bankruptcy filing and the day on which the set off occurred. Unfortunately, the Court does not have before it information regarding the amount owed the Bank or the amount on deposit with the Bank on either day. Consequently, the parties will have to determine such by an examination of their records.

In light of the foregoing, IT IS, THEREFORE, HEREBY ORDERED that the Debtors' Motion to Compel the Creditor to Turn Over Property should be and is granted to the extent that the property turned over equals the amount by which the Creditor improved its position in accordance with 11 U.S.C. § 553(b).