**In re Rafael ORTIZ VEGA, Catalina Vega Torres, Debtor.**

**Rafael ORTIZ VEGA, Catalina Vega Torres, Plaintiff/Movant,**

v.

**ASOCIACION EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Defendant/Respondent.**

**Bankruptcy No. B–84–00713(ESL). Adv. No. 85–0309.**

United States Bankruptcy Court, D. Puerto Rico.

July 8, 1987.

Maria Luisa Contreras, San Juan, P.R., for debtor.

Rafael A. Rivera Cruz, San Juan, P.R., for Asociacion De Empleados Del ELA.

Robert J. Griswold, San Juan, P.R., Chapter 13 Trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

The matter pending before the Court is whether debtors have a right to recover property of the estate claimed as exempt in a Chapter 13 petition. The threshold issue is whether the Chapter 13 debtor may recover the property claimed as exempt.

The debtors-plaintiffs Rafael Ortiz Vega and Catalina Vega Torres (hereinafter "debtors") moved the Court to recover cer-

tain monies listed as savings in Schedule B-4 of their petition and also claimed as exempt property pursuant to § 522(d)(1) and (5) of the Bankruptcy Code.

The defendant Asociación de Empleados del Estado Libre Asociado de Puerto Rico (hereinafter "Asociación") alleges that it is a secured creditor as to the monies withheld from the debtors' salary checks and the interests accrued at the time of the filing of the petition, and further alleges that the Asociación is entitled to a set-off. No authorities were cited by the defendant to support the remedy requested.

The parties were heard on this matter on December 2, 1986. Default was entered against the Asociación upon its failure to answer the complaint as ordered by the court on September 26, 1986. The Court gave the parties fifteen (15) days to file legal memoranda on the issue of whether a Chapter 13 debtor can recover exempt property under 11 U.S.C. § 522. Based upon the pleadings submitted by the parties and pursuant to Bankruptcy Rule 7052, this Court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. On June 26, 1984 the debtors filed for relief under Chapter 13. The debtors included in their petition as exempt property under 11 U.S.C. § 522(d)(1), (5) the amount of $5,235.08 claimed as savings withheld by the Asociación.

2. The debtors included in their petition two loans with the Asociación: loan number 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 for the amount of $6,000.00 and loan number 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 for the amount of $4,200.00. Said loans were listed as unsecured loans in the Schedule of Debts, page 1, of the debtors' petition.

3. On September 27, 1985 the debtor moved the Court through the instant proceeding to recover the aforementioned amount of $5,235.08 claimed as exempt property pursuant to 11 U.S.C. § 522(d)(1), and (5).

4. The claims' register for this case shows that up to this date, the Asociación has filed only one proof of claim that includes loan number 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 for the amount of $4,200.00. No proof of claim has been filed for loan number 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 for the amount of $6,000.00.

5. The debtors are employees of the Commonwealth of Puerto Rico.

### Conclusions of Law

Section 1306 of the Bankruptcy Code provides that:

"(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquired after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."

The language of Congress is very clear regarding what constitutes property of the estate and the scope of 11 U.S.C. § 1306. Senate Report No. 95-989, 95th Cong.2d Sess. at pages 140–141 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5926, 5927, provides that:

"Section 541 [11 U.S.C.] is expressly made applicable to chapter 13 cases by section 103(a). Section 1306 broadens the definition of property of the estate for chapter 13 purposes to include all property acquired and all earnings from services performed by the debtor after the commencement of the case.

Subsection (b) nullifies the effect of section 521(3), otherwise applicable, by providing that a chapter 13 debtor need not surrender possession of property of the estate, unless required by the plan or order of confirmation."

2. Section 541(a)(1) of the Bankruptcy Code provides in its relevant part that:

"(a) The commencement of a case under section 301, 302, or 303 of this title [11 U.S.C. § 301, 302, or 303] creates an estate. *Such estate is comprised of all* the following *property, wherever located and by whomever held:*

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case...." (Emphasis supplied).

The scope of the aforecited paragraph (1) is broad. It includes all kinds of property, both tangible and intangible. See, 4 *Collier on Bankruptcy* (15th Edition) in ¶ 541.06 at page 541–26. The thrust of § 541(a)(1) is to bring into the estate all interests of the debtor in property as of the date the case is commenced. Thus, as a general rule, the estate created under § 541(a)(1) will include all legal or equitable interests of the debtor in property, both tangible and intangible, including exempt property, as of the date the case is commenced. Ibid, at pages 541–28 and 541–29.

The property in question is comprised of employee savings withheld by the Puerto Rico Commonwealth Employee Association (Association) pursuant to the Puerto Rico Commonwealth Employee Association Act (Act), Section 862, et seq. of Title 3, Laws of Puerto Rico Annotated (hereinafter "L.P.R.A.").

The Act has established a fund, the Savings and Loan Fund, 3 L.P.R.A. § 862g, obtained by a compulsory three percent deduction from the total salary or pension of government employees. The purpose of the Act and the fund created thereunder is:

"To stimulate saving among the employees and the pensioned members covered by the association, to establish insurance plans including death insurance, to make loans, provide the employees and the pension covered members, with homes and hospital facilities for medical treatment to themselves and their families, and to carry out any other activity which the Board of Directors may, after study, deem feasible and beneficial toward the ends sought, and to promote by all means and resources available thereto, the betterment and the individual and collective progress of all the employees and pension covered members integrating same, in the economic, moral and physical order. The Association shall retain its jurisdiction personality and capacity to sue and be sued." 3 L.P.R.A. § 862b.

The funds belong exclusively to the member employees, *Buscaglia v. Tax Court*, 67 P.R.R. 532 (1947), and are, thus, property of the estate within the scope of section 541(a) of the Bankruptcy Code.

The debtors herein are both government employees. They are teachers working at the Department of Education of the Commonwealth of Puerto Rico. Being employees within the purview of 3 L.P.R.A. § 862a(b) they are subject to mandatory deductions to the fund. The debtors' savings for all material times to the case at bar are $5,235.08.

The Association, through its Board of Directors, is authorized to grant loans, make deductions to be credited to the loans granted and to apply the employee's savings to outstanding obligations with the Association and with the employee's organization.[1]

---

**1.** Section 862f states in its relevant part as follows:

"The Board of Directors shall have all such power as may be necessary and advisable for the attainment of the purposes of the Association, including, but without limitation, the following:

(a) To grant personal and mortgage loans to employees and pension covered members at a rate of interest not exceeding seven percent (7%) per annum, with such security and margin, and under such amortization terms as may, by regulation, be established. The Association and the retirement systems sponsored by the Puerto Rico Commonwealth Government are hereby empowered to deduct from the savings and contributions of employees permanently separated from service for any cause, any sum they may be owing the Association and all public employees retirement systems are hereby empowered to deduct from the pensions the monthly amortizations to be credited to the loans granted. In cases where the employee is in debt with the Association and with any retirement system,

The Act also provides that an employee's savings are exempt from taxes, attachment or execution "except that, when the employee is indebted to the Association for a loan, as surety, or on any other obligation, such amount shall be applied to the partial or full payment of such debt." 3 L.P.R.A. § 863c. See also 3 L.P.R.A. § 863d.

 The analysis of the aforementioned provisions of the Act indicates that the Association has a statutory lien[2] over the employee's savings at the time of the filing of the petition. The Act provides specifically that said savings will be applied in partial or full payment of an outstanding loan. However, any deductions after the filing of the petition can only be construed as an assignment of future wages. Such an assignment does not give rise to a lien within the meaning of the Bankruptcy Code. *In re Miranda Soto,* 667 F.2d 235, 237 (1st Cir.1981).

The assignment of future wages as security for a prepetition debt is rendered ineffective by § 552(a)[3] of the Bankruptcy Code. *In re Miranda Soto, supra; In re Walker,* 35 B.R. 237, 242 (Bankr.N.D.Ga. 1983).

Section 522(h) of Title 11, United States Code, provides that:

> the savings and contributions which the employee may have in each organization shall answer, in the first place, for obligations incurred with the respective organization, and outstanding. If the savings and contributions surpass the amount of such obligations the balance thereof shall be used for amortizing the obligations incurred by the employee with the Association, or retirement system, as the case may be.
>
> (b) To establish a fund for the security of personal loans by levying on the loans and collecting a surcharge to be fixed annually. Out of this fund such reserve shall be set aside as may annually be deemed reasonable, and any remaining balance may be used for such other purposes as are considered advisable. ..."

**2.** Statutory liens are defined in 11 U.S.C. § 101(47) as follows:

> (47) "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien,

"The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(i) of this section if the trustee had avoided such transfer, if—

> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) or recoverable by the trustee under section 553 of this title [11 U.S.C. § 553]; and (2) the trustee does not attempt to avoid such transfer."

It is now settled that a Chapter 13 debtor may avoid transfers of property to the extent that the property could have been exempted had the trustee avoided the transfer. 3 BR L.Ed. § 22.58, page 100; *In re Donato,* 17 B.R. 708 (Bankr.E.D.VA. 1982); *Lee v. Schweiker,* 739 F.2d 870 (3d Cir.1984); *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985). The debtor has the same limitations as the trustee.

 Although the savings at the time of filing the petition are subject to a statutory lien, the same may be recovered if any of the avoiding powers listed in section 522(h) are invoked and established.

Because the Asociación has not prayed for the lifting of the automatic stay existing under § 362(a)(5, 7) the Court will not decide its right to set-off,[4] nor when such a

whether or not such interest or lien is made fully effective by statute.

The above definition excludes security interests and judicial liens. The legislative history states that: "(a) statutory lien is only one that arises automatically and is not based on an agreement to give a lien or on judicial action." 4 Collier on Bankruptcy, 15th Ed., ¶ 545.02, page 545.9.

**3.** Section 552(a) of Title 11, United States Code, states that:

> "(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case."

**4.** In order for there to be a right to setoff the debts and claims must be mutual and prepetition. *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1035 (5th Cir.1987). It is not clear from the facts presently before the Court whether the Asociación has a "claim" on the

presumptive right may be exercised in light of the provisions of 3 L.P.R.A. § 862h which states that the employee may not dispose of the amounts deducted and 3 L.P.R.A. § 863c which provides that savings shall be applied to a loan when the employee ceases employment. See also *Matter of Reagan*, 741 F.2d 95, 98 (5th Cir.1984).

#### Conclusion

In view of the foregoing, it is hereby held that a Chapter 13 debtor may prosecute an action under § 522(h) of the Code. A hearing on default is hereby scheduled for _____ at _____.

SO ORDERED.

debtors' savings, 11 U.S.C. § 101(4), or whether

there is a mutual "debt", 11 U.S.C. § 101(11).