**In re Timothy A. and Trina A. WILDE, Debtors.**

**Bankruptcy No. 7–87–01442 MA.**

United States Bankruptcy Court, D. New Mexico.

April 25, 1988.

Richard J. Shane, Albuquerque, N.M., for debtors.

John F. Caffrey, Albuquerque, N.M., for Western Bank.

David F. Boyd, Jr., Albuquerque, N.M., Trustee.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the motion of Western Bank of Albuquerque ("Bank") to lift the automatic stay as to certain property of the debtors and on the Bank's objection to debtors' amended claim of exemption. Since the same property was at issue, these matters were combined for final hearing. The questions before the Court are two: (1) whether debtors' exempt property is subject to the Bank's right of setoff, and (2) which bank accounts are personal property of the debtors.

Debtors filed their chapter 7 bankruptcy petition on July 17, 1987. Western Bank was listed as an unsecured creditor. At the time of filing, debtors maintained two checking accounts at the Bank. One account, in the name of Timothy A. or Trina A. Wilde, was debtors' personal joint checking account ("personal account"). The second account was in the name of Duke City Aquatics–Sandia ("Duke City account"). Debtors had signing authority on both accounts and the taxpayer I.D. number on both accounts was debtor's (Mr. Wilde's) social security number. In January 1987, debtors authorized the Bank to transfer funds from the Duke City account to cover any overdrafts on their personal account.

The standard form depository account agreements executed by the debtors permit the Bank to setoff any indebtedness owed the Bank by the debtors against funds in their accounts. Shortly after debtors filed their petition, the Bank placed an administrative hold on both accounts and filed this motion to lift the stay to allow it to apply the funds against outstanding indebtedness. The Bank maintains that both ac-

counts are property of the debtors, the Duke City account being a sole proprietor business account. Debtors then filed an amended petition claiming a cash exemption in one or both of these accounts. The Bank filed this objection, asserting that its right of setoff is not impaired by the debtors' exemption.

Debtors ask the Court to order the Bank to release its administrative hold on both accounts. As to the personal account, they argue that these funds are exempt pursuant to 11 U.S.C. § 522 and N.M.Stat.Ann. 42–10–1 (1986 Supp.) and therefore immune from setoff. As to the Duke City account, debtors first claim no personal interest in the account alleging that the funds are held by Mr. Wilde in trust for Duke City Aquatics, a non-profit corporation, and since these funds are not property of the debtors, the Bank cannot setoff against this account. Alternatively, debtors claim a personal exemption in both accounts.

## DISCUSSION

I. Is debtors' exempt property subject to the Bank's right of setoff?

The exemption section of the Bankruptcy Code, 11 U.S.C. § 522, and the setoff provisions, 11 U.S.C. § 553, appear to be at cross-purposes. These provisions cannot be reconciled without inquiry into the policies behind them in order to balance their competing claims consistent with underlying Code policies.

Section 553 of the Bankruptcy Code permits a creditor to setoff mutual prepetition debts with a debtor subject to the stay provisions of 11 U.S.C. § 362. Setoff will not be allowed when, in the Court's discretion, the result does not comport with the purposes and policies of the Bankruptcy Code. *In re Davies*, 27 B.R. 898, 901 (Bankr.E.D.N.Y.1983), *Scherling v. Chase Manhattan Bank, N.A., (In re Tilston Roberts Corp.)*, 75 B.R. 76, 79 (S.D.N.Y. 1987), *In re Potts*, 142 F.2d 883 (6th Cir. 1944), *Bohack Corp. v. Borden, Inc.*, 599 F.2d 1160, 1166–68 (2d Cir.1979); see also Collier 553.03, p. 553–12, n. 3. Chief among these policies is providing the debt-

or with a fresh start. Here, the exemption section of the Code is fundamental for it puts certain property beyond the reach of creditors to allow the debtor to emerge from bankruptcy with enough assets to begin again. *E.g., In re Grosso*, 51 B.R. 266 (Bankr.D.N.M.1984); *see also*, 123 Cong.Rec. H 11690–92, H 11696–97 (daily ed. Oct. 27, 1977); 123 Cong.Rec. H 457–78 (daily ed. Feb. 1, 1978); S.Rep. No. 95–989, 95th Cong., 2d Sess., 1978; H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 1977, U.S. Code Cong. & Admin.News 1978, p. 5787.

Furthermore, 11 U.S.C. § 553 of the Bankruptcy Code is not an independent source of law creating rights of setoff. It merely extends to bankruptcy cases, non-bankruptcy common law doctrines of setoff with certain additional restrictions. *In re Haffner*, 12 B.R. 371, 373 (Bankr.M.D. Tenn.1981), *In re Donato*, 17 B.R. 708 (Bankr.E.D.Va.1982), *In re Hart*, 50 B.R. 956, 962 (Bankr.D.Nev.1985), *In re Hinson*, 65 B.R. 675, 677 (Bankr.W.D.Tenn.1986); *see also* Freeman, Setoff under the New Bankruptcy Code: The Effect on Bankers, 97 Banking L.J. 484 (1980); Ahart, Bank Setoff under the Bankruptcy Reform Act of 1978, 53 Am.Bankr.L.J. 205 (1979). Setoff is not an unqualified right, it is limited by statute and judicial decision. Since a creditor's right of setoff in bankruptcy cases is no different than in non-bankruptcy cases, state court decisions should provide guidance. An overwhelming majority of non-bankruptcy cases prohibit a creditor from offsetting obligations owed against statutorily exempt property. *E.g., Kruger v. Wells Fargo Bank*, 11 Cal.3d 352, 363, 521 P.2d 441, 451, 113 Cal.Rptr. 449, 459 (1974); *see generally* 106 A.L.R. 1071 (1937). The courts' rationale in these cases underscores the purpose of exemption statutes, that of shielding certain property from the coercive process of law.

Bankruptcy courts have generally followed this direction and have not allowed setoff against property otherwise unreachable by creditors under the Code. *In re Haffner*, 12 B.R. at 372, *In re Davies*, 27 B.R. at 901, *In re Hinson*, 65 B.R. at 678, *In re Terry*, 7 B.R. 880, 883 (Bankr.E.D. Va.1980); *see also In re Monteith*, 23 B.R.

601, 604, (Bankr.N.D.Ohio 1982), *In re Internal Revenue Service Liabilities and Refunds In Chapter 13 Proceedings*, 30 B.R. 811, 814 (M.D.Tenn.1983). Where setoff has been allowed, the courts have recognized a more compelling policy consideration than that of debtor's rehabilitation. For example, the state was allowed to setoff exempt tax refund monies on behalf of past due child support payments in *In re Small*, 18 B.R. 318, 319 (Bankr.D.Minn. 1982). *See also In re Haley*, 41 B.R. 44, 46 (Bankr.W.D.Va.1984) (exemption is inferior to debts arising out of criminal matters).

■ This Court does not find that Western Bank's right of setoff in the instant case to be such an exception. Accordingly, the Bank may not exercise its right of setoff against debtors' funds that constitute exempt property under 11 U.S.C. § 522 and N.M.Stat.Ann. 42–10–1 (1986 Supp.).

■ Debtors also request attorney fees and costs claiming the Bank wrongfully "froze" the debtors' account(s). Generally, so long as a bank has a valid claim of setoff and promptly files a motion for relief from the automatic stay, its administrative hold on a debtors' account is not improper. *In re Carpenter*, 14 B.R. 405, 407 (Bankr. M.D.Tenn.1981), *In re Hoffman*, 51 B.R. 42, 46 (Bankr.W.D.Ark.1985), *In re Williams*, 61 B.R. 567, 573 (Bankr.N.D. Tex.1986). In the instant case, the criteria for setoff under 11 U.S.C. § 553 were met. The debt was incurred prepetition and mature. And, the debt was "mutual", that is, the note was held by the debtors as individuals and the two checking accounts, according to Bank records, were held in the same capacity. The Bank placed an administrative hold on the funds to protect its right of setoff and filed a timely motion to lift the stay to allow it to proceed. Therefore, the request for an award of attorney fees and costs is denied.

II. Are the funds in the Duke City account the property of the debtors?

■ The Bank's records show this account as Mr. Wilde's sole proprietor business account. The documents are clear and unambiguous: the tax I.D. number is debtor's social security number; "owner" is listed under occupation on the signature card: both Timothy and Tryna Wilde have signing authority on the account; and there is no indication of a fiduciary relationship between debtor and a third party or that this is a special deposit account.

Debtors' assert that Mr. Wilde was, in fact, trustee of these funds in his capacity as Vice–President and Secretary of Duke City Aquatics, a non-profit corporation. Debtors maintain that the account was opened as their business account at the insistence of the Bank because debtor lacked the appropriate corporate documents. However, debtors did nothing to correct or clarify the account's status since it was opened in 1983. Moreover, debtors' subsequent arrangement with the Bank to transfer funds from the Duke City account to cover any overdrafts on their personal checking account compromises debtors' argument.

Debtors' actions regarding the Duke City account were consistent with ownership. Therefore, the Court concludes that the funds in this account are part of debtors estate.

## CONCLUSIONS

Having considered the testimony, the exhibits and arguments of counsel, and having taken notice of the bankruptcy files, the Court finds: (1) the Bank may not exercise its right of setoff against those funds claimed as exempt property pursuant to 11 U.S.C. § 522 and N.M.S.A. 42–10–1 (1986 Supp.) and, (2) the Duke City account is part of the debtors' estate.

This memorandum constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.

## ORDER

This matter came before the Court on the motion of Western Bank of Albuquerque to lift the automatic stay to setoff deposits and objection to debtors' amended claim of exemption. For the reasons set

**150**

forth in the memorandum opinion entered herewith,

IT IS ORDERED that Western Bank of Albuquerque's objection to debtors' amended claim of objection is denied.

IT IS ORDERED that Western Bank of Albuquerque's motion to lift automatic stay to setoff deposits is granted to the extent that the funds are not claimed exempt.