In re James VALENTINE, Jr., Regina
F. Valentine, Debtors.

**Bankruptcy No. 3–90–01227.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

March 1, 1991.

Christopher M. Hawk, Dayton, Ohio, for debtors.

John F. Kolberg, Miamisburg, Ohio, for creditor.

George W. Ledford, Englewood, Ohio, chapter 13 trustee.

### DECISION AND ORDER ALLOWING AMENDED PROOF OF CLAIM OF THE CROSSINGS

WILLIAM A. CLARK, Bankruptcy Judge.

Dated at Dayton, Ohio this 27th day of February, 1991.

This matter is before the court upon the motion of the debtors objecting to the second amended proof of claim of The Crossings, the response of The Crossings, and memoranda of citations submitted by the parties after the hearing on January 10, 1991. The court has jurisdiction over this contested matter pursuant to the standing order of reference from the district court and 28 U.S.C. § 157(b)(2)(B) allowance or disallowance of claims. The second amended proof of claim was for prepetition rent of $960.00, and the postpetition amount for late charges and damages to the premises in the amount of $596.00.

The debtors disputed the damages charged and claimed an offset for the $200.00 security deposit placed with The Crossings at the time of the rental of the premises, November 1, 1989.

■ The testimony of James M. Valentine, Jr., debtor, and Wanda Santy, representative of The Crossings, established that the rent, damages and late charges total $1,756.00. The court finds that the $30.00 charge for removal of a couch and mattress from the rear porch is not allow-able since debtors' friends or relatives moved those furniture items.

■ The lease (Respondent's Exhibit 2) provides for late charges and certain expenses including painting, cleaning, and shampooing carpet. The court finds that the evidence presented establishes the claim for $1,726.00 due from the debtors subject to the $200.00 security deposit.

■ The debtors contend that the $200.00 security deposit is part of the bankruptcy estate which should be turned over to the chapter 13 trustee. The attorney for The Crossings contends that the $200.00 deposit was in the hands of The Crossings and was deducted from the total claim before the filing of the amended proof of claim.

The court has reviewed the cases submitted by each counsel. Counsel for the debtors relies upon *In re Homan*, 116 B.R. 595 (Bankr.S.D.Ohio 1990), where the court held a credit union's postpetition administrative freeze on a debtor's account constituted a violation of automatic stay; *In re Cole*, 104 B.R. 736 (Bankr.D.Maryland 1989), where the court held that under Maryland law a consumer debtor was entitled to have a prepetition utility deposit claimed as exempt applied to postpetition payment for utility services; and *In re Wilde*, 85 B.R. 147 (Bankr.D.N.M.1988), where the court held a bank could not setoff against funds the debtors claimed as exempt.

The creditor, The Crossings, has referred the court to *In re Scionti*, 40 B.R. 947 (Bankr.D.Ma.1984), where the court held that a lessor may setoff the amount of a security deposit under a lease against a prepetition claim for rent and damages owed to the owner; *In re Communicall Central, Inc.*, 106 B.R. 540 (Bankr.N.D.Ill. 1989), where the court held that the landlord was entitled to a setoff for a security deposit which it held against the amount of its allowed claim; and *In re Aspen Data Graphics, Inc.*, 109 B.R. 677 (Bankr.E.D. Pa.1990), where the court held that the landlord held a secured interest in the sums held on deposit and that the sums properly were setoff prepetition.

Under the lease (Exhibit 2) paragraph 3 provides for the deposit of $200.00 as security for the debtors' faithful performance of the obligation under the lease.

 The posting of the security deposit with The Crossings created a secured position for The Crossings in the event of debtors' failure to perform under the lease. The deposit served as collateral for the secured position of The Crossings. Therefore, under § 506(c), The Crossings held a secured claim in the amount of $200 and the remainder of its claim was unsecured. Although the setoff of the $200 deposit by The Crossings may have been a technical violation of the automatic stay of § 362, the application of setoff is permissive and lies within the equitable discretion of the court, *DuVoisin v. Foster (In re Southern Industrial Banking Corp.)*, 809 F.2d 329, 332 (6th Cir.1987). The court declines to award damages in the instant matter. The debtors objected to The Crossings' second amended claim on the ground "that the claim does not assert the offset of the $200.00 security deposit" (Doc. #17); therefore, the debtors are estopped from changing their position and now complaining that The Crossings did setoff the $200.00.

It is ordered that the claim of The Crossings is allowed in the amount of $960.00 prepetition and $566.00 postpetition.

IT IS SO ORDERED.